**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Vivian R. Gallman-Derienzo, | Case No. 2:23-cv-02468-RMG-KDW |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Webster University, | |
| Defendant. | |

Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending that Defendant's motion to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6) and denied pursuant to Fed. R. Civ. P. 41. (Dkt. No. 33). Plaintiff objected to the R&R (Dkt. No. 35), and Defendant replied (Dkt. No. 36). For the reasons set forth below, the Court adopts the Report and Recommendation as the order of the Court and grants Defendant's motion to dismiss under Rule 12(b)(6) as to Plaintiff's claims of race-based discrimination under Title VII and 42 U.S.C. § 1981 and Plaintiff's ADEA claims. (Dkt. No. 23). Plaintiff's claims of race-based retaliation remain pending.

**I.      Background**

This suit arises from Plaintiff's claim that she was first demoted, and later terminated, from her position at Webster University in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981. As thoroughly detailed in the R&R, Plaintiff raises a host of allegations against her supervisor, Beth Vivaldi, between August 2018 – February 2021, until such time as Plaintiff was placed on administrative leave on March 1, 2021. (Dkt. No. 33 at 3-13). Plaintiff contends that she was placed on administrative leave as retaliation for her complaints regarding Ms. Vivaldi. (Dkt. No. 21, ¶ 154). Defendant terminated Plaintiff on

1

March 15, 2021 due to "violations of policies," which Plaintiff argues were "pretextual." (*Id.* ¶¶ 163-64).

After the Magistrate Judge ordered Plaintiff to make her Complaint more definite and certain, Plaintiff filed an Amended Complaint on November 1, 2023. (*See* Dkt. Nos. 19, 21). Defendant moves to dismiss Plaintiff's Amended Complaint on both substantive and technical grounds, arguing Plaintiff has failed to comply with the Court's Order to make her Complaint more definite and certain pursuant to Fed. R. Civ. P. 41, as well as failing to state any claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). The Magistrate Judge recommends this Court deny Defendant's motion to dismiss as to Plaintiff's race-based retaliation claims and grant Defendant's motion to dismiss as to Plaintiff's claims of race-based discrimination under Title VII and 42 U.S.C. § 1981 and as to her ADEA claims. (Dkt. No. 33 at 31).

## II.    Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

Plaintiff submits 15 objections to the R&R. (Dkt. No. 35 at 10-17). The objections are non-specific and difficult to parse, as many overlap and/or do not appear tied to any one cause of action raised by Plaintiff. In the majority of her objections, Plaintiff simply claims the Magistrate Judge failed to consider the allegations made in Plaintiff's Complaint and committed an error of law by doing so. For example, in  Plaintiff's Objection Nos. 9-10, Plaintiff simply pastes 57 paragraphs from her Amended Complaint and claims "In clear fashion the Plaintiff presented several instances of Vivaldi treating her differently than others in 2021 . . . . None of the facts as presented above are just bald assertions but are clear presentations of evidence that supports each and every cause of action presented by the Plaintiff." (*Id.* at 12-17). Such objections lack the specificity required by Fed. R. Civ. P. 72(b) and do not merit *de novo* review by this Court.

The Court is able to discern three objections with a degree of specificity that enables the Court's review and response. The first is Plaintiff's complaint the Magistrate Judge erred by citing cases decided at the summary judgment stage and did not apply the proper pleading standard in evaluating Defendant's Motion to Dismiss. (*See id.* at 10-11 (Objection Nos. 3-4, 6-7)). Plaintiff's objections on this point are meritless. The Magistrate Judge cited cases involving summary

judgment motions in reciting the elements of a Title VII claim—not in applying the standard on which she adjudged the facts and made her recommendation to this Court. Further, Plaintiff misunderstands the "but-for" standard employed by the U.S. Supreme Court in *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 529 U.S. 327 (2020). In *Comcast*, the Court held that 42 U.S.C. § 1981 requires a plaintiff to show but-for causation at the pleading stage. *Id.* at 333. This is exactly the standard applied by the Magistrate Judge. Plaintiff's objections that the Magistrate Judge erroneously applied a summary judgment standard to Defendant's Motion to Dismiss are overruled.

Plaintiff next objects that the Magistrate Judge misstated the cut-off date for evaluating Plaintiff's 42 U.S.C. § 1981 claims as May 3, 2020, and claims the appropriate date is April 27, 2020. (Dkt. No. 35 at 17 (Objection No. 11)). However, the Magistrate Judge made this finding as to Plaintiff's Title VII claims by reference to the date Plaintiff filed her EEOC Charge of Discrimination. (Dkt. No. 33 at 30-31). Plaintiff's objection is overruled.

Plaintiff's final objection is her contention that "[t]he Court failed and refused to consider that the court extensively considered the 'But for' standard does not require race to be the only reason." (Dkt. No. 35 at 17 (Objection No. 13)). Plaintiff misunderstands the holding of *Berry v. Crestwood Healthcare LLP*, where the Eleventh Circuit explained that "events [can] have multiple but-for causes" but an employee must "show an *unlawful* but-for cause resulted in the alleged wrongful action and respond to [the employer's] legitimate reason with a showing of pretext." 84 F.4th 1300 (11th Cir. 2023) (internal quotation and citation marks omitted). The Magistrate Judge ably determined that Plaintiff failed to make a showing that she would not have been terminated but for her race. (Dkt. No. 33 at 23-24). Plaintiff's objection is overruled.

## IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 33) as the Order of the Court.    Defendant's motion to dismiss is **GRANTED** as to Plaintiff's claims for race-based discrimination pursuant to Title VII and 42 U.S.C. § 1981 and as to her ADEA claims.    Plaintiff's claims of race-based retaliation remain pending.

**AND IT IS SO ORDERED.**

_s/Richard M. Gergel_
Richard Mark Gergel
United States District Judge

July 24, 2024
Charleston, South Carolina