IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| VIVIAN R. GALLMAN-DERIENZO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:23-cv-02468-RMG-KDW |
| | ) | |
| v. | ) | |
| | ) | |
| WEBSTER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT WEBSTER UNIVERSITY'S SUPPLEMENTAL DISCLOSURES
PURSUANT TO FEDERAL RULE 26(a)(1)</u>**

Defendant Webster University ("Webster" or "Defendant"), by and through counsel, makes the following supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Webster's disclosures are based on information reasonably available to Webster as of the date of the disclosures. Webster reserves the right to supplement or amend these initial disclosures as more information becomes available during the course of discovery in this lawsuit.

These disclosures are made subject to, without waiving, and while reserving and intending to preserve: (1) all applicable privileges that would make any such information non-discoverable, including but not limited to, the attorney-client privilege and/or the attorney-work product doctrine; (2) the right to object on the grounds of competency, relevancy and materiality, hearsay, and/or any other applicable ground; (3) the right to object to the use of any information disclosed, in whole or in part, for any purpose in any subsequent proceeding in this or any other matter; and (4) the right to object on any and all applicable grounds to any subsequent discovery request or other proceeding involving or relating to the subject matter of these disclosures.

2:23-cv-02468-RMG-KDW     Date Filed 03/14/25     Entry Number 62     Page 1 of 6

1

Webster does not, by way of these disclosures, assume any burden of proof or pleading as to any issue for which that burden properly resets with Plaintiff Vivian R. Gallman-DeRienzo ("Plaintiff").

**A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Discovery and investigation in this case is just beginning. Therefore, based on the information reasonably available to it, Webster is unable to identify all individuals who have discoverable information that may be used to support Webster's claims or defenses in this case, and the subjects of such information.

1. Plaintiff Vivian R. Gallman-DeRienzo

    Plaintiff presumably has knowledge or information relevant to the claims and allegations in her Complaint, along with her alleged damages. Plaintiff may also have knowledge or information relevant to Webster's defenses in this matter.

2. All individuals disclosed by Plaintiff.

    Defendant reserves the right to rely on the testimony of any individuals identified by Plaintiff in her Rule 26(a)(1) Initial Disclosures, any supplemental disclosures, her answers or responses to discovery requests served by Webster, and/or **her deposition testimony**.

**Through ongoing discovery in this matter, defendant has identified the following individuals who are likely to have discoverable information that Webster may use to support its claims or defenses. These individuals have been previously identified in the parties' written discovery responses, documents produced by the parties, and/or during Plaintiff's deposition testimony.**

3. **Cheryl Fritz**

    **Cheryl Fritz, retired Chief Human Resources Officer for Webster University, has knowledge or information relevant to the circumstances surrounding Plaintiff's employment and termination, including the HR complaint filed against Plaintiff, the HR complaint filed by Plaintiff, and Webster's investigation of both complaints. Ms. Fritz also has knowledge relating the polices and procedures of Webster University.**

2

QB\95182013.1

4. **Tonja Kirby**

   **Tonja Kirby, former Human Resources Business Partner for Webster University, has knowledge or information related to the HR complaint against Plaintiff, including Webster's investigation and the outcome of the investigation. Ms. Kirby also has knowledge relating to the policies and procedures of Webster University.**

5. **Kimberley Bynum-Smith**

   **Kimberley Bynum-Smith (formerly Kimberley Pert), Director, Office for Civil Rights Compliance & Title IX Coordinator, has knowledge or information related to the HR complaint filed by Plaintiff, including Webster's investigation and the outcome of the investigation. Ms. Bynum-Smith also has knowledge relating to the polices and procedures of Webster University.**

6. **Debbie Grimes**

   **Debbie Grimes, Enrollment Coach for Webster University, has knowledge relating to her work experience at the Charleston campus, including operations and the work environment, working with Plaintiff, and the HR complaint Ms. Grimes filed against Plaintiff.**

7. **Donovan Outten**

   **Donovan Outten, former Associate Vice President of Academic Affairs, has knowledge relating to Plaintiff's employment with Webster and the University's operations, policies, and procedures.**

8. **Laura McMaster**

   **Laura McMaster, former Webster Core Faculty, has knowledge relating to her work experience at the Charleston campus, including operations, the work environment, and working with Plaintiff.**

9. **Cheryl Rankin**

   **Cheryl Rankin, retired Representative, is believed to have knowledge relating to her work experience at the Charleston campus, including operations, the work environment, and working with Plaintiff.**

10. **Robin Sneed**

    **Robin Sneed, former Office Manager for Webster, is believed to have knowledge relating to her work experience at the Charleston campus, including operations, the work environment and working with Plaintiff.**

Defendant reserves the right to supplement these disclosures through discovery as to the identity of any such persons who may be disclosed during the discovery process, as well as to

3

QB\95182013.1

supplement the subject matter of knowledge of the aforementioned persons and any additional persons named in supplemental disclosures.

**B.     A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Because discovery and investigation in this matter is just beginning, Webster is unable to identify all documents, electronically stored information, and tangible things, if any, that Webster may use to support its claims or defenses in this case and the subject of such information. The listing of the following documents and tangible things contains those documents that, in the opinion of Defendant, contain discoverable information supportive of its claims and/or defenses asserted in this litigation, and which are not protected from disclosure by virtue of the attorney/client relationship, work product privilege, and/or which were prepared in anticipation of litigation.

1. Relevant Webster policies and procedures applicable to Plaintiff.

2. Plaintiff's personnel file.

3. Non-privileged documents relating to the February 8, 2021 complaint submitted against plaintiff.

4. Non-privileged documents relating to Plaintiff's February 15, 2021 complaint against Dr. Vivaldi.

5. Any documents produced by any party in discovery or initial disclosures.

6. Any documents produced by any other party, whether in discovery or responsive to subpoenas or deposition duces tecum.

**C.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered:**

4

Not applicable.

**D.     For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

A copy of the declarations page of an insurance policy that may provide coverage to satisfy all or part of any judgment, should one be entered against Webster in this lawsuit, or to reimburse Webster for payments made to satisfy any such judgment, will be produced.

### RIGHT TO SUPPLEMENT

Webster reserves the right to supplement these disclosures as discovery progresses in this matter.

**Dated:**    March 14, 2025                                              Respectfully submitted,

*s/ Beverly A. Carroll*
Beverly A. Carroll (#62)
MORTON & GETTYS, LLC
Fountain Park Place
331 E Main St Suite 300
PO Box 707
Rock Hill, SC 29731
Tele: (803) 366-4044
Bev.Carroll@mortongettys.com

*s/ Travis R. Kearbey*
Travis R. Kearbey
QUARLES & BRADY, LLP
8325 Forsyth Boulevard, 10th Floor
Clayton, MO 63105
Tele: 314-696-5112
Fax: 312-715-5155
Travis.Kearbey@quarles.com
Admitted *Pro Hac Vice*

*Attorneys for Defendant
Webster University*

5

QB\95182013.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 14, 2025, a true and accurate copy of the foregoing document was served via email upon the following counsel:

Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston, SC 29405
bhunt@huntlawllc.com
*Attorney for Plaintiff*

_____
Leah Anderson McCraney
Paralegal for Beverly A. Carroll

March 14, 2025

6